**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 25, 2016

LETTER TO COUNSEL

      RE:    *Kevin Lynn Pile v. Commissioner, Social Security Administration*;
               Civil No. SAG-15-3603

Dear Counsel:

      On November 25, 2015, Plaintiff Kevin Lynn Pile petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment and Plaintiff's reply memorandum. (ECF Nos. 16, 17, 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Mr. Pile filed his claim for benefits on March 5, 2012, alleging a disability onset date of July 25, 2009. (Tr. 166-72). His claim was denied initially and on reconsideration. (Tr. 66-79, 81-94). A hearing was held on June 23, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 28-65). Following the hearing, the ALJ determined that Mr. Pile was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 9-27). The Appeals Council denied Mr. Pile's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Mr. Pile suffered from the severe impairments of "seizure disorder (status-post trauma), anxiety disorder, affective disorder and headaches." (Tr. 14). Despite these impairments, the ALJ determined that Mr. Pile retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except he must avoid all exposure to temperature extremes (hot and cold). In addition, he must be allowed to avoid hazards (including dangerous machinery and heights). Further, the claimant is capable of performing unskilled (SVP 2) work, in a non-production oriented work setting, with no interaction with the public, and no more than occasional interaction with co-workers and supervisors.

*Kevin Lynn Pile v. Commissioner, Social Security Administration*
Civil No. SAG-15-3603
October 25, 2016
Page 2

(Tr. 17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Pile could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 21-22).

Mr. Pile raises one primary argument on appeal in three different contests – essentially, that the ALJ failed to address his visual and balance impairments at any point in the sequential evaluation. I agree. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Pile is not entitled to disability benefits is correct or incorrect.

An ALJ is required to discuss each diagnosis that is supported by objective medical evidence in the claimant's record. *See Boston v. Barnhart*, 332 F. Supp. 2d 879, 885 (D. Md. 2004); *Albert v. Astrue*, 2011 WL 3417109, at *2 (D. Md. July 29, 2011). On June 3, 2010, an optometrist, Dr. Marsha D. Benshir, diagnosed Mr. Pile with a long list of visual impairments including binocular vision disorder, diplopia, ocular motor disorder, convergence insufficiency, premature presbyopia, tonic pupils, hyperopia, astigmatism, and suppression. (Tr. 413-15). She recommended glasses, vision therapy, and further testing. *Id.* Here, the ALJ did not evaluate Mr. Pile's visual diagnoses or issues with balance at step two.

This Court has held that an ALJ's failure to consider the severity of a diagnosis at step two is harmless where the ALJ corrects his or her error by "fully consider[ing] the impact" of the neglected evidence when determining the claimant's RFC. *See Burroughs v. Comm'r, Soc. Sec. Admin.*, 2015 WL 540719, at *1 (D. Md. Feb. 9, 2015). Here, however, the ALJ did not consider the impact of Mr. Pile's vision and balance issues in her RFC assessment. The ALJ is required to consider all of a claimant's impairments, both severe and non-severe, in assessing the claimant's RFC. *See* 20 C.F.R. § 404.1545(a)(2). The ALJ acknowledges that Mr. Pile alleged an impaired ability to "see" and a "loss of balance," (Tr. 18), but did not address those issues any further, either to make credibility findings regarding those allegations or to make any reference to the medical records from Dr. Benshir, the physical therapists working on Mr. Pile's balance issues, or Mr. Pile's reports to another physician, Dr. Furlow, regarding vision or balance problems. Accordingly, the ALJ entirely failed to consider Mr. Pile's vision-related diagnoses, and remand is required as a result. *See Copes v. Comm'r, Soc. Sec. Admin.*, 2015 WL 9412521, at *2 (D. Md. Dec. 21, 2015).

The ALJ and the Commissioner rely repeatedly on the assertion that Mr. Pile was medically cleared for a Commercial Driver's License as of February 28, 2011. *See, e.g.,* (Tr. 15). It may be that the medical clearance evidences a resolution of any visual issues by that time. However, Mr. Pile alleges disability beginning almost two years prior, on July 25, 2009. Without any discussion of his visual capabilities or diagnoses, it is unclear whether Mr. Pile was able to perform the jobs identified by the VE during the entire period of alleged disability. Certainly, I am unable to review the ALJ's reasoning on these issues using the current ALJ opinion.

For the reasons set forth herein, Mr. Pile's Motion for Summary Judgment (ECF No. 16) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED.

*Kevin Lynn Pile v. Commissioner, Social Security Administration*
Civil No. SAG-15-3603
October 25, 2016
Page 3

Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                  Sincerely yours,

                  /s/

                  Stephanie A. Gallagher
                  United States Magistrate Judge